FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WINSTON W. DURHAM<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KAREN METZNER, an individual,<br><br>　　　　　　　Defendant. | No. 2:24-CV-00205-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR WANT OF PROSECUTION<br><br>**ECF No. 49** |

Before the Court is Defendant's Motion to Dismiss for Want of Prosecution. ECF No. 49. James Siebe and Frank Cikutovich represent Plaintiff. Elizabeth Olsen and Jenna Robert represent Defendant. On December 1, 2025, the Court held a hearing and granted the motion. ECF No. 60. This order supplements the Court's findings at the hearing.

## BACKGROUND

Plaintiff filed the Complaint on June 17, 2024, bringing claims against Defendants Washington State University ("WSU"), Karen Metzner, and Andrea

ORDER – 1

1  Bazzoli.  ECF Nos. 1, 21, 22.  Plaintiff did not seek summons until September 13,
2  2024, ECF Nos. 6-9, which were issued that same day.  ECF No. 12.  Plaintiff
3  failed to file proofs of service on Defendants within the time required.  ECF No.
4  13.  On September 17, 2024, the Court directed Plaintiff to file proof of service or
5  otherwise show cause why the case should not be dismissed.  *Id.*  Plaintiff's
6  counsel filed proofs of service for Defendants Metzner and WSU and requested
7  additional time to serve Defendant Bazzoli.  ECF Nos. 14-17.  Although the Court
8  granted the requested extension of time for service, Plaintiff did not file anything
9  by the extended deadline.  The Court dismissed the claims against Defendant
10 Bazzoli.  ECF Nos. 19, 21.

11      Defendants WSU and Metzner moved to dismiss the Complaint in full for
12 improper service of process.  ECF No. 20.  Plaintiff filed no response.  *See* ECF
13 No. 22 at 3.  The Court granted the motion in part and dismissed the claims against
14 Defendant WSU and against Defendant Metzner in her official capacity for
15 improper service, while permitting the claims against Defendant Metzner in her
16 individual capacity to proceed.  *Id.* at 8.

17      On January 24, 2025, the parties filed their Fed. R. Civ. P. 26(f) Joint Status
18 Report and Discovery Plan, ECF No. 26, which suggested scheduling deadlines.
19 On January 30, 2025, the Court held a scheduling conference and issued a
20 Scheduling Order setting pretrial filing deadlines consistent with the parties'

ORDER – 2

request for a January 2026 trial date. ECF No. 29. Pursuant to the Scheduling Order, the parties were required to exchange their Fed R. Civ. P. 26(a)(1) initial disclosures by February 13, 2025. Plaintiff did not provide initial disclosures by the deadline. The parties were also required to submit their Fed. R. Civ. P. 26(a)(2) expert reports by May 1, 2025, and submit a status report regarding settlement by August 29, 2025. Plaintiff failed to meet either deadline. Defense counsel filed expert disclosures, ECF Nos. 30-31, and filed a status report by the deadline, indicating that she had no contact from Plaintiff's counsel in months and that Plaintiff had not engaged in any discovery, ECF No. 35. Pursuant to the Scheduling Order, the discovery cutoff was August 29, 2025, and Plaintiff failed to conduct discovery before that deadline.

On September 3, 2025, the Court issued an Order to Show Cause because Plaintiff had not made efforts to pursue claims in the Complaint or participate in the litigation. ECF No. 36. Plaintiff responded to the Order to Show Cause, ECF Nos. 40-42, but still did not provide initial disclosures or expert disclosures or engage in discovery, and did not seek an extension of the discovery cutoff date. On October 3, 2025, the Court held a status conference and engaged Plaintiff's counsel in a discussion regarding lack of discovery. ECF No. 48. Plaintiff's counsel confirmed he had not provided initial disclosures or provided anything to the defense outside of his Response to Order to Show Cause. The Court then

ORDER – 3

informed the parties it would entertain a Motion to Dismiss for failure to prosecute. *Id*. After the hearing, Plaintiff still did not provide initial disclosures or expert disclosures or engage in discovery.

On October 10, 2025, Defendant filed the instant motion. ECF No. 49. On November 1, 2025, Plaintiff filed initial disclosures but did not provide expert disclosures or otherwise engage in discovery. On December 1, 2025, the Court held a hearing on Defendant's motion. ECF No. 60. At the hearing, the Court heard argument and found that Plaintiff failed to provide initial disclosures by the February 13, 2025, deadline and did not provide initial disclosures until several weeks after Defendant moved to dismiss the case for failure to prosecute. Likewise, Plaintiff failed to provide expert disclosures by the May 1, 2025, deadline, and still had not provided them. Further, Plaintiff failed to conduct discovery before the August 29, 2025, deadline, and to date has not engaged in discovery and did not move to extend the discovery related deadlines prior to their expiration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. "District Courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Olivia v. Sullivan*, 958 F.2d 272, 273

ORDER – 4

(9th Cir. 1992). Courts consider the following factors as part of this determination: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citations omitted).

## DISCUSSION

Defendant seeks dismissal of the action, contending that Plaintiff's failure to provide initial disclosures, engage in discovery, and comply with Court orders warrants dismissal for lack of prosecution. ECF No. 49 at 6. The Court agrees and addresses each of the five dismissal factors in turn.

**1. Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citations omitted). In the over 17 months since this case was filed, Plaintiff has failed to timely provide Rule 26(a)(1) initial disclosures and has not engaged in discovery, and, consequently, the case has not progressed. The Court finds the first factor weighs in favor of dismissal.

ORDER – 5

### 2. Docket Management

District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest. *Ash v. Cvetkov*, 739 F.2d 493, 498 (9th Cir. 1984). The pressing caseload in most district courts requires the cooperation of litigants in moving forward so that judicial resources are available to others. *Id.*; *see In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1234 (9th Cir. 2006) (affirming a dismissal sanction where the district court had "observed that many of the cases subject to its dismissal order had been pending for close to, or over, a year without forward movement, and that such lack of diligence does not serve the public interest in expeditious resolution of litigation."). As noted, this case has been pending for over 17 months and due to Plaintiff's continued failure to comply with the Court's Scheduling Order this case has not progressed forward. The Court has had to issue several orders prompting Plaintiff to participate in the litigation. Therefore, the Court finds the second factor also weighs in favor of dismissal.

### 3. Prejudice to Defendant

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). The deadlines for Rule 26(a)(1) initial

ORDER – 6

disclosures, expert disclosures, and completion of discovery have all passed with no action from Plaintiff. Defendant has been prejudiced by Plaintiff's failure to diligently prosecute the case and move it forward toward a resolution on the merits. Accordingly, the Court finds the third factor weighs in favor of dismissal.

### 4. Disposition on the Merits

"Public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine Products Liability Litigation,*, 460 F.3d at 1227. But a case that "is stalled or unreasonably delayed by a party's failure to [prosecute] cannot move forward toward resolution on the merits." *Id.* This factor "lends little support" to Plaintiff "whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

While recognizing the importance of the disposition of cases on their merits, the Court finds this factor is outweighed by the other factors. *See Pagtalunan*, 291 F.3d at 643; *Malone*, 833 F.3d at 133 n. 2.

### 5. Availability of Less Drastic Sanctions

Short of a terminating sanction, such as dismissal, district courts may employ have a range of lesser sanctions that include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from

ORDER – 7

practice before the court, ... dismissal of the suit unless new counsel is secured ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel." *Malone*, 833 F.2d at 132 n. 1 (citations omitted). While the Court need not exhaust every sanction short of dismissal before finally dismissing a case, it must explore possible and meaningful alternatives. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives requirement.'" *Malone*, 833 F.2d at 132-33.

Plaintiff has failed to comply with the Scheduling Order by not meeting the deadlines for providing Rule 26(a)(1) initial disclosures or engaging in discovery. The Court issued its Order to Show Cause warning Plaintiff of the consequences of failing to comply with the Federal Rules of Civil Procedure and Scheduling Order deadlines. ECF No. 36. In the Order, the Court informed the parties that if Plaintiff continued failing to comply with Court orders, the Court would consider dismissing the case with prejudice for Plaintiff's failure to prosecute the case. *Id.* at 5. The Court has considered the availability of less drastic sanctions and warned Plaintiff that failure to meet deadlines, comply with Court orders and rules, and engage in litigation of the case will result in dismissal. The Court finds this factor weighs in favor of dismissal.

ORDER – 8

## CONCLUSION

After weighing each of the factors, the Court finds that four out of five factors weigh in favor of dismissal. The Court thus grants Defendant's motion and dismisses this case with prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for Want of Prosecution, **ECF No. 49**, is **GRANTED.**

2. This matter is **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, **enter judgment**, provide copies to counsel, and **CLOSE THE FILE**.

DATED December 8, 2025

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 9